JAMES W. KIDD v. THE TERRITORY OF OKLAHOMA.

(Filed Feb. 8, 1900.)

CRIMINAL LAW—*Verdict—Sentence—Variance—Reversible Error.* Where the jury find the defendant guilty of assault and battery, and the court sentenced him for the crime of an assault with inteat to kill, this variance is reversible error.

(Syllabus by the Court.)

*Error from the District Court of Kingfisher County; before John C. Tarsney, District Judge.*

*I. F. Crow* and *L. M. Lane,* for plaintiff in error.

No brief filed for the Territory.

STATEMENT OF THE CASE.

This was an indictment found by the grand jury in and for Kingfisher county, charging that James W. Kidd, on the 17th, day of March, in the county of Kingfisher, and Territory of Oklahoma, with a deadly weapon, to-wit, a large club, an instrument likely to produce death, which he, the said James W. Kidd, in his hands then and there had and held, upon the person of one James S. Bates, there being, did intentionally, wrongfully, wilfully, unlawfully and feloniously, commit an assault and battery, in manner likely to produce death, and did otherwise wound and ill-treat said James S. Bates, contrary to the form, force and effect of the statute in such case made and provided, and against the peace and dignity of the Territory of Oklahoma.

Defendant filed a general demurrer to this indictment, which was overruled by the court, to which defendant excepted. After the overruling of said demurrer, the defendant filed a motion for a continuance, supported by affidavit. This motion was by the court overruled, to which the defendant excepted. The cause was called for trial.    After hearing the evidence, and being instructed by the court, the jury returned a verdict finding the defendant guilty of assault and battery. To which verdict the defendant then and there excepted. Motion for a new trial was filed within the time allowed by law, which motion was overruled by the court. Within the time allowed by law, a motion in arrest of judgment was filed, which was overruled by the court.

On October 22, 1898, the defendant James W. Kidd, was brought into court, and the court passed sentence upon him, and found him guilty of an assault with intent to kill, and assessed a fine in the sum of one hundred dollars, and the costs of the action, and that he be imprisoned in the county jail for a period of thirty days, to which judgment and finding of the court the defendant excepted, and assigns the same as error, and brings the case here for review.

Opinion by the court by

IRWIN, J.: In this case there are nineteen assignments of error, but we think it only necessary to refer to one. That is the error assigned that the court, in pronouncing sentence, found the defendant guilty of a different and higher degree of offense then that authorized by the verdict of the jury. A reference to the verdict of the jury will be found on page 72 of the record. The verdict reads as follows:

"We, the jury, duly selected, impaneled and sworn in the above entitled cause, find the defendant guilty of assault and battery.

"F. L. BOLING, Foreman."

A reference to the sentence of the court, page 77 of the record, will show the following:

"October 22, 1898. Twelfth Judicial Day. Criminal cause No. 711. (*Territory of Oklahoma v. James W. Kidd.*) Judgment and sentence. Comes now defendant into open court for judgment and sentence on the verdict of guilty heretofore rendered in said cause; and now defendant, giving no good reason why the judgment and sentence of the court should not at this time be pronounced upon him, on the verdict herein, the court finds that the said defendant, is, on the verdict herein, guilty of assault with intent to kill. It is therefore considered ordered and adjudged that the defendant, James W. Kidd, be and hereby is fined in the sum of one hundred ($100) dollars, and the costs of this action, taxed at $——, and that he be imprisoned in the county jail for a period of thirty days; and now the court informs defendant of his right of appeal, and bail pending said appeal is fixed at $300 and ten days given to take appeal, sixty days to prepare and serve case-made, ten days to suggest amendments thereto, to be signed and settled on five days' notice. To the rendition of which said judgment and sentence the defendant excepts at the time."

By this record it clearly appears that while the jury have found the defendant guilty of simple assault and battery, which, under our statute is a misdemeanor, the court has found the defendant guilty of a felony, to-wit, an assault with intent to kill, which, we have no doubt, is clearly reversible error.

While the punishment inflicted is the maximum punishment for assault and battery, it is also the minimum pun-

ishment for the crime of assault with intent to kill, as provided by our statute. Now is seems to us that the law never intended that the court should pass sentence and judgment upon a defendant, finding him guilty of a greater or more serious offense than that which the jury by their verdict had convicted him. In this case, if allowed to stand, the record would show that the jury had found the defendant guilty of a misdemeanor, and the court, passing sentence upon that verdict, had increased the degree of the offense to make it a felony.

This, we think, is error, for which the judgment is reversed, and the cause remanded for sentence in accordance with the verdict of the jury, and costs assessed to Kingfisher county.

All of the Justices concurring.